## Case No. 2,549.

### In re CENTRAL BANK OF BROOKLYN.

[8 Ben. 114; 12 N. B. R. 286; 7 Chi. Leg. News, 371; 1 N. Y. Wkly. Dig. 55.] [1]

District Court, E. D. New York.    May, 1875.

BANKRUPTCY—ASSIGNEE'S LIABILITY — JUDGMENT OF A STATE COURT.

H., having obtained judgment in a state court against the assignee of the bankrupt above named, in an action in which the assignee appeared and defended, the judgment providing that the judgment be paid out of the assets of the bankrupt in the assignee's hands; and having thereafter obtained a supplemental order in said action, directed to the bank which had been made the repository in which the funds of the bankrupt had been deposited, for the payment of such judgment out of the funds of the bankrupt on deposit in such bank, presented to this court a petition that this court would countersign the proper check for such payment by the assignee. On a reference being ordered, to take proofs, he produced a record of the judgment, and gave no other proof. *Held*, that such judgment did not furnish to this court legal grounds for directing the payment of the amount of it by the assignee.

The Central Bank of Brooklyn was adjudged a bankrupt on October 27th, 1870, and S. B. Dutcher was thereafter duly appointed assignee. On the 1st day of August, 1870, Joseph H. Havens, the petitioner herein, deposited in the bank a check for $3,125. On the 2d day of August, an injunction was issued against the bank as being insolvent, and a receiver was appointed. On the 3d of August, Havens demanded the return of the check, which was refused. On the appointment of the assignee in bankruptcy, the proceeds of the check were turned over to him, with the other property of the bank, and thereafter a suit was com-

menced in the supreme court of the state of New York by Havens against Dutcher, as assignee, to compel him to pay to Havens the amount of the check. The assignee appeared, and defended the action, which resulted in a judgment that Havens recover of the assignee the amount of the check, with interest and costs, amounting to $4,282.85, "the same to be paid out of the assets of said bank now in the possession of said defendant, as assignee, as aforesaid, or out of any assets that may hereafter come to his possession as such assignee as aforesaid." Thereafter Havens filed this petition in the bankruptcy court, praying that the court would countersign the proper check, to enable the assignee to pay him the amount of the said judgment. A reference was ordered to take proofs on the petition, and he produced as such proof only a record of the judgment.

E. L. Sanderson and John H. Bergen, for petitioner.

Tracy, Catlin & Brodhead, for assignee.

BENEDICT, District Judge. Joseph H. Havens presents to this court his petition, wherein he prays this court to countersign the proper check to enable Silas B. Dutcher, assignee of the Central Bank of Brooklyn, a bankrupt, to pay him the sum of $4,282.85.

In support of this petition, there has been exhibited to this court the record of an action, brought by the petitioner in the supreme court of the state of New York, wherein, on the 10th day of January, 1873, it was by said court adjudged that Havens, the petitioner, recover against Silas B. Dutcher, assignee as aforesaid, the sum of $3,657, together with the sum of $350.85 interest, and $275 costs, amounting in all to the sum of $4,282.85, "the said sum to be paid out of the assets of said Central Bank, now in possession of said defendant as assignee as aforesaid, or out of any assets that may hereafter come into his possession as such assignee as aforesaid."

The said record also shows that it was made to appear to the said supreme court that the National City Bank of Brooklyn held the moneys which had been received by the assignee of the Central Bank; whereupon, as also appeared by said record, on the 25th day of September, 1874, the said supreme court, in the action aforesaid, ordered "that the said National City Bank pay, within three days after service of a copy of this order, to E. L. Sanderson, the plaintiff's attorney, out of the twenty thousand dollars on deposit as aforesaid, the sum of four thousand two hundred and eighty-two dollars and eighty-five cents ($4,282.85), together with interest on that sum from the 22d day of May, 1874, amounting in the aggregate to the sum of four thousand three

hundred and eighty-four dollars and fifty-three cents ($4,384.53); and upon said E. L. Sanderson delivering or tendering to said National City Bank a proper satisfaction of the judgment referred to in these proceedings, for which payment so to be made this order shall be the receipt and voucher of said bank."

The National City Bank, referred to in the above order, does not appear by said record to be a party defendant in the action brought by the petitioner; but that bank is a depository designated by this court, under the provisions of the bankrupt law of the United States, and of general order No. 28 issued by the supreme court of the United States, which requires the designation, by the district court of the United States, of a depository where all moneys received by the assignees shall be deposited, and which further provides "that no moneys so deposited shall be drawn from such depository unless upon a cheque or warrant signed by the clerk of the court, or by an assignee, and countersigned by the judge of the court, or one of the registers designated for that purpose, stating the date, sum, and the account for which it was drawn; and an entry of the substance of said check or warrant, with the date thereof, the sum drawn for, and the account for which it was drawn, shall be forthwith made in a book kept for that purpose by the assignee or clerk; and all cheques or drafts shall be entered in the order of time in which they are drawn, and shall be numbered in the case of each estate." This record is the only matter produced in evidence before me, and upon it the petitioner claims that he is entitled to ask the court to direct the payment to him of the amount of the said judgment out of the assets of the Central Bank. To this claim I cannot accede.

The judgment rendered by the supreme court of the state in the action brought by the petitioner, and upon which he makes his right to depend, is in excess of the jurisdiction of court of the state. The power of a state court to determine the liability of an assignee in bankruptcy by reason of his acts, where the assignee appears without objection and submits himself to the jurisdiction of the court, is not the question here; nor is the application by an assignee in bankruptcy for relief from the effects of a judgment against him, obtained in an action in the state where he properly appeared, and which he properly defended. Here the application is by a third party, who bases an application to be paid out of the funds of this court, as a court of bankruptcy, solely upon a judgment of a court of the state, directing that his demand be paid out of such funds. The proof of such judgment affords no legal ground for the action of this court. The prayer of the petitioner must therefore be denied.